IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH L. BOWMAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 05-0274-WS-M |
| | ) |
| DONALD MORGAN, et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

This matter is before the Court on the motion of defendants Donald D. Morgan and Morgan Auto Sales (collectively, "the Morgans") to dismiss or, in the alternative, for judgment on the pleadings or summary judgment. (Doc. 18). The parties have submitted briefs and evidentiary materials in support of their respective positions, (Docs. 19, 23, 26), and the motion is ripe for resolution. After carefully considering the foregoing materials, the Court concludes that the motion is due to be denied.

## BACKGROUND

The plaintiff was injured in a motor vehicle accident in Louisiana in May 2003. According to the complaint, a vehicle operated by defendant Jacqueline Bessa stopped in the inside lane of Interstate 10. The vehicle behind Bessa's stopped safely behind hers, and the vehicle in which the plaintiff was a passenger then stopped safely behind the second car. The Morgans' vehicle then struck the plaintiff's vehicle from behind.

The plaintiff filed suit in this Court in May 2005, naming the Morgans and Bessa as defendants. (Doc. 1). At the time the lawsuit was filed, the Morgans were residents of Alabama and Bessa a resident of Louisiana. (*Id*., ¶ 2).

## DISCUSSION

The Morgans argue that the Court lacks subject matter jurisdiction and that venue is improper in this district.

### A. Subject Matter Jurisdiction.

The Morgans assert that they "do not currently have sufficient evidence before them to conclude that" the amount-in-controversy requirement of 28 U.S.C. § 1332 is satisfied. (Doc. 19 at 11-12). The complaint, however, expressly alleges that the amount in controversy exceeds $75,000, exclusive of interest and costs. (Doc. 1, ¶ 3). "Such a case will not be dismissed unless it appears to a 'legal certainty' that plaintiff's claim is actually for less than the jurisdictional amount." *Burns v. Windsor Insurance Co.*, 323 F.3d 1092, 1094 (11th Cir. 1994). That is, it must appear "to a legal certainty that a reasonable jury could not have found [the plaintiff's damages] sufficient to invoke federal jurisdiction." *Dassinger v. South Central Bell Telephone Co.*, 505 F.2d 672, 674 (5th Cir. 1974); *accord Lee v. Kisen*, 475 F.2d 1251, 1253 (5th Cir. 1973). The Morgans have not attempted to meet this daunting burden, and the plaintiff's affidavit detailing his extensive physical injuries, (Doc. 23 at 1-2), would make any such effort futile. The Court easily concludes that it has subject matter jurisdiction over this action.

### B. Venue.

The thrust of the Morgans' motion is that venue is improper in this district and that the appropriate remedy is dismissal. The plaintiff concedes that venue must be measured by 28 U.S.C. § 1391(a), that subsections (2) and (3) cannot support venue in this district, and that venue in this district is improper under subsection (1) if the residence of Bessa is considered. He argues, however, that the Morgans cannot raise improper venue as to Bessa because venue is proper as to them. (Doc. 23 at 5-6).[1]

---

[1] The plaintiff preliminarily objects that the Morgans waived any defense of improper venue. (Doc. 23 at 6 n.2). "A defense of ... improper venue ... is waived (A) if omitted from a motion [under Rule 12(g)] or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course." Fed. R. Civ. P. 12(h)(1). Rule 15(a) allows a party to amend its answer as of right within 20 days after it is served. The Morgans' original answer was filed and served on July 8, 2005, and their amended answer challenging venue was filed and served on July 16, 2005. (Docs. 8, 9). They filed no motion under Rule 12 prior to filing their answer and amended answer. The Morgans plainly have not waived the defense of improper venue.

"The short answer is that the defense of inadequate venue as to [a non-resident defendant] is personal to him and may not be raised by anyone else. [citations omitted] Venue is a doctrine of convenience and is not jurisdictional, and since the protesting parties [as residents of the forum state] are not inconvenienced by [the other defendant's] nonresidence, they cannot complain that the requirements of the venue statute are not satisfied as to him." *Vance Trucking Co. v. Canal Insurance Co.*, 338 F.3d 943, 944 (4th Cir. 1964). *Vance Trucking* is no aberration, as over a dozen lower court opinions from the across the nation have reached the same conclusion,[2] and respected treatises are in accord.[3]

All these authorities trace their roots to the Supreme Court's opinion in *Camp v. Gress*, 250 U.S. 308 (1919). In *Camp*, as here, two resident defendants as to whom venue was properly laid challenged venue as to a non-resident defendant. The Supreme Court unequivocally announced that "[t]his is an exemption from suit personal to the nonresident of the district. A resident codefendant cannot avail himself of the objection." *Id*. at 481.

The Morgans complain that Section 1391 makes venue proper or improper as to an action as a whole rather than as to individual parties, and that it does not purport to limit who can raise a defense that venue is improper. (Doc. 26 at 4). Unfortunately, the Morgans do not distinguish

---

[2]*See, e.g., A.J. Taft Coal Co. v. Barnhart*, 291 F. Supp. 2d 1290, 1300 n.6 (N.D. Ala. 2003); *B-S Steel, Inc. v. Texas Industries, Inc.*, 229 F. Supp. 2d 1209, 1223 (D. Kan. 2002) (Robinson, J.); *Print Data Corp. v. Morse Financial, Inc.*, 2002 WL 1625412 at *5 (D.N.J. 2002); *Union Planters Bank, N.A. v. EMC Mortgage Corp.*, 67 F. Supp. 2d 915, 920 n.10 (W.D. Tenn. 1999); *Wempe v. Sunrise Medical HHG, Inc.*, 61 F. Supp. 2d 1165, 1172 (D. Kan. 1999) (Crow, J.); *Gerety v. Sunrise Express, Inc.*, 1996 WL 19047 at *2 (S.D.N.Y. 1996); *Pratt v. Rowland*, 769 F. Supp. 1128, 1132 (N.D. Cal. 1991); *Gresham v. Harris*, 695 F. Supp. 1179, 1182 n.1 (N.D. Ga.), *vacated on other grounds*, 488 U.S. 978 (1988); *Eastern Refractories Co. v. Forty Eight Insulations, Inc.*, 668 F. Supp. 183, 186 (S.D.N.Y. 1987); *Van Shaik v. Church of Scientology, Inc.*, 535 F. Supp. 1125, 1134 n.7 (D. Mass. 1982); *De la Fuente v. Interstate Commerce Commission*, 451 F. Supp. 867, 871 (N.D. Ill. 1978); *People ex rel. Guerrero v. Department of the Interior*, 356 F. Supp. 645, 651 (D. Haw. 1973); *Goldberg v. Wharf Constructors*, 209 F. Supp. 499, 503 (N.D. Ala. 1962); *Champion Spark Plug Co. v. Karchmar*, 180 F. Supp. 727, 729-30 (S.D.N.Y. 1960); *Proctor v. Sagamore Big Game Club*, 128 F. Supp. 885, 890 (W.D. Pa. 1955).

[3]*See* 17 Moore's Federal Practice § 111.35[2] (3rd ed. 2005); 15 Federal Practice & Procedure § 3829 at 309-10 (2nd ed. 1986).

— or even acknowledge the existence of — the Supreme Court's decision in *Camp*.

The Court notes that the general venue statute governing diversity cases as it existed in *Camp* provided that "suit shall be brought only in the district of the residence of either the plaintiff or the defendant." 250 U.S. at 479. This language survived until 1990, when the present language — "[a] civil action ... may ... be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State" — was substituted and the two alternative bases of venue added.[4] Theoretically, one could argue — although the Morgans have not — that this alteration in language renders *Camp* no longer good law on the subject. The Court, however, discerns no principled basis for drawing any such conclusion.

Certainly *Camp* does not hint that its holding rests on some idiosyncratic characteristic of the statutory language employed, nor do the cases cited by *Camp*, 250 U.S. at 481 n.4, in support of its holding.[5] That holding instead represents a straightforward application of the underlying principle that entitlement to a proper venue is a personal right subject to waiver,[6] and a right that is truly personal could hardly be enforced by another. Nothing in the language of the present statute requires or even suggests a different result. Nor can the Court find any suggestion in the legislative history of the 1990 amendments that Congress desired to alter this hoary rule. Finally, courts and commentators have clung to *Camp* long after the 1990 amendments were enacted, without so much as a murmur that those amendments somehow upset long settled law.

The Morgans correctly note that, even under *Vance* and like cases, a resident defendant can challenge venue as to a non-resident defendant that is an indispensable party. (Doc. 26 at 5-

---

[4]From 1966 to 1990, the statute provided as an alternative venue the district "in which the claim arose."

[5]*See Tice v. Hurley*, 145 F. 391, 392 (W.D. Ky. 1906); *Chesapeake & Ohio Coal Agency Co. v. Fire Creek Coal & Coke Co.*, 119 F. 942, 944 (S.D. W. Va. 1902); *Smith v. Atchison, Topeka & Santa Fe Railroad Co.*, 64 F. 1, 2 (D. Kan. 1894); *Bensinger Self-Adding Cash Register Co. v. National Cash Register Co.*, 42 F. 81, 82 (E.D. Mo. 1890).

[6]This principle dates at least to Reconstruction. *See Ex parte Schollenberger*, 96 U.S. 369, 378 (1877)("The act of Congress prescribing the place where a person may be sued is not one affecting the general jurisdiction of the courts. It is rather in the nature of a personal exemption in favor of a defendant, and it is one which he may waive."). The waivable nature of objections to venue is now embodied in Federal Rule of Civil Procedure 12(h)(1).

6).  *Camp* itself recognizes this exception.  250 U.S. at 481-82.  Since the adoption of the Federal Rules of Civil Procedure, courts have approached this issue in the venue context by employing the analysis of Federal Rule of Civil Procedure 19.  Rule 19(a) determines whether a person or entity is a "necessary" party.  If not, the inquiry is at an end; if so, Rule 19(b) determines whether the person or entity is an "indispensable" party.  *E.g., Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843, 847-48 (11th Cir. 1999).

The Morgans argue that, according to the complaint, Bessa was guilty of negligence that was a (or the) cause-in-fact of the accident.  (Doc. 26 at 5-6).  Under Rule 19(a), however, "it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."  *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990); *accord  MS Dealer Service Corp. v. Franklin*, 177 F.3d 942, 946 (11th Cir. 1999).

The Morgans emphasize that Louisiana law embraces comparative negligence.  This is important, they say, because "a trier of fact will have only [the Morgans] to look to as a potential responsible party" and because they would be entitled to contribution from Bessa.  (Doc. 26 at 6).  Louisiana law refutes both contentions.  First, under Louisiana law the jury is required to assess the comparative fault of all concerned, regardless of whether they are parties to the action.  La. Civ. Code art. 2323A.   Second, there is no right to contribution under Louisiana law.  *Hamway v. Braud*, 838 So. 2d 803, 806-07 (La. App. 2002).

Whatever different and stronger arguments in opposition to venue might have been available, the Morgans selected only those discussed and refuted herein.  For the reasons set forth above, the Morgans' motion to dismiss or, in the alternative, for judgment on the pleadings or summary judgment is **denied**.[7]

DONE and ORDERED this 24th day of February, 2006.

                                                s/ WILLIAM H. STEELE
                                                UNITED STATES DISTRICT JUDGE

---

[7]The Morgans have moved to strike the affidavits of the plaintiff and the driver of his vehicle.  (Docs. 24, 25).  The Court has considered these documents only with respect to the amount in controversy (and then unnecessarily, as discussed in Part A).  Accordingly, the motions to strike are **denied as moot**.