IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH L. BOWMAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION 05-0274-WS-M |
| | ) |
| DONALD MORGAN, et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

This matter is before the Court on the parties' competing motions in limine. (Docs. 62-64). The parties have filed responses, (Docs. 66-69), and the motions are ripe for resolution. A previous order has addressed certain of the matters raised in the motions, and a future order will address certain others. This order disposes of the remainder.

**IV. Collateral Source.**

The parties agree that Louisiana's collateral source rule is substantive and therefore controlling in this diversity action. (Doc. 62 at 7; Doc. 67 at 5).[1] They disagree on its scope and application to this case. The plaintiff moves to exclude certain evidence claimed to fall within the rule. (Doc. 62 at 6-9).

"Under the collateral source rule, a tortfeasor may not benefit, and an injured plaintiff's tort recovery may not be reduced, because of monies received by the plaintiff from sources independent of the tortfeasor's procuration or contribution." *Bozeman v. State*, 879 So. 2d 692, 698 (La. 2004). The rule has been applied to private insurance payments, Medicare payments, "free medical services rendered as a professional courtesy," and "free medical care rendered by the Veteran's Administration." *Id*. (internal quotes omitted).

The defendant objects that the collateral source rule "only applies to instances where the

---

[1]*See Bozeman v. State*, 879 So. 2d 692, 699 (La. 2004)("[T]he collateral source rule is a rule of evidence and damages."); *cf. Trico Marine Assets, Inc. v. Diamond B Marine Services, Inc*., 332 F.3d 779, 794 (5th Cir. 2003)("The collateral source rule [in maritime cases] is a substantive rule of law ....")(internal quotes omitted).

patient has paid some consideration for the collateral source benefit." (Doc. 67 at 5 (citing *Bozeman v. State*, 879 So. 2d at 704-05)). *Bozeman* actually held only that consideration is required in order to recover an amount billed, but later written off, by the provider. 879 So. 2d at 705. Indeed, Justice Knoll concurred specially to clarify that "gratuitous collateral sources are not excluded from the collateral source rule under our holding." *Id*. at 706.

Thus, under Louisiana law, evidence of payments on the plaintiff's medical bills made by any collateral source must be excluded, even if the plaintiff did not provide any consideration for the payment. Evidence of write-offs of the bills must be excluded if the write-offs are attributable to a collateral source (including Medicare and private insurance)[2] to which the plaintiff provided consideration.

The parties suggest that the plaintiff's medical bills were covered by a combination of private insurance, Medicare, and the Veterans Administration. (Doc. 62 at 6-7, 8-9; Doc. 67 at 5 & n.2). They also indicate that some of the billed amount was written off. (Doc. 62 at 8; 63 at 6; Doc. 66 at 6). If these are the facts (the briefing is too obscure to allow the Court to be sure), the collateral source rule will preclude the defendant from injecting any of the payments or write-offs into the case.[3]

The plaintiff indicates that he has received disability payments from the Veterans Administration. (Doc. 62 at 6-7). Such payments are subject to the collateral source rule stated above, *if* they were made based on the injuries suffered in the accident. If on the other hand the disability payments predate the accident, they cannot be excluded by the rule. The parties' failure to provide the specifics precludes the Court from ruling at this time.

Without explanation of the exhibits or his conclusion, the plaintiff posits that the collateral source rule bars the defendant from introducing evidence of his lawsuit against the

---

[2]*Bozeman v. State*, 879 So. 2d at 705.

[3]The defendant suggests that write-offs from the Veterans Administration are not subject to the collateral source rule because the plaintiff provided no consideration for them. (Doc. 67 at 5). Millions of veterans will no doubt be shocked to learn that serving in combat (as did the plaintiff) does not serve as consideration for veterans benefits. At any rate, the defendant has not shown that the Veterans Administration obtained any write-offs.

Hotel Tropicana, including the "Becky Singleton lawsuit file." (Doc. 62 at 8, 9). The Court cannot address such a poorly articulated motion.[4] However, the Court notes that the collateral source rule could serve to exclude only evidence of payments or write-offs, not of an entire litigation file.[5]

For the reasons set forth above, the defendant's motion under the collateral source rule is **denied**. Due to incomplete briefing, the Court's ultimate ruling will have to await trial.

## V. Insurance.

The defendant moves to preclude any mention of the fact that he is a named insured under an insurance policy or that he is being defended or protected by an insurance company. (Doc. 63 at 1). The plaintiff has no objection. (Doc. 66 at 1). Accordingly, this motion in limine is **granted**.

## VI. Accident Report.

The defendant moves to preclude the use of, or reference to, the state Uniform Motor Vehicle Traffic Crash Report. (Doc. 63 at 2). The plaintiff has no objection. (Doc. 66 at 1). Accordingly, this motion in limine is **granted**.

## VII. Deceased Responding Officer.

The defendant moves to preclude any reference to the death or absence from trial of Trooper Eskin, on the grounds that the jury might draw some inference that his testimony would have been favorable toward one party or the other. (Doc. 63 at 3). The plaintiff suggests that the Court advise the jury of Trooper Eskin's death and instruct the jury to draw no inference from his absence. (Doc. 66 at 2). The defendant has not responded to this suggestion, which the

---

[4] The same is true of the plaintiff's opaque reference to an undefined "AAP." (*Id*. at 8-9).

[5] The same observation applies to the plaintiff's unexplained suggestion that the collateral source rule can be used to exclude the entirety of the Blue Cross/Blue Shield and Veterans Administration files. (Doc. 62 at 8). Evidence from those files that does not show payments or write-offs and that is otherwise admissible cannot be excluded under the collateral source rule.

Court accepts.  Accordingly, the motion in limine is **granted**.  Only the Court will reference Trooper Eskin's death and absence from trial.

## VIII.  Compromises and Offers of Compromise.

The defendant moves to preclude any evidence or suggestion of a settlement offer in this case.  (Doc. 63 at 3).   The plaintiff has no objection.  (Doc. 66 at 2).  Accordingly, this motion in limine is **granted**.

## IX.  Expert Witness.

The defendant moves to preclude Dr. Finkel from testifying as an expert on the grounds that he was not timely disclosed as an expert witness under Rule 26(a)(2)(A).  (Doc. 63 at 3-4).  The plaintiff, who was required to make this disclosure by January 13, 2006, (Doc. 13 at 2), concedes that he did not do so until February 10, 2006.  (Doc. 66 at 2).

The plaintiff first suggests that he was not required to identify Dr. Finkel as an expert under Rule 26(a)(2)(A) because he is not a retained expert.  (Doc. 66 at 2-3).  The plaintiff provides no authority for such an exception, and the advisory committee notes accompanying the 1993 amendments to Rule 26 —  which exempt treating physicians from the expert report requirement of Rule 26(a)(2)(B) —  indicate there is none.[6]

The plaintiff next argues that his listing of Dr. Finkel as a "will call" witness in his Rule 26(a)(1) disclosures satisfied his obligations under Rule 26(a)(2)(A).  (Doc. 66 at 2-3).  He again cites no authority for the proposition, and he does not provide the initial disclosures to allow the Court to confirm the substance of his disclosure.

Finally, the plaintiff argues that his tardiness should be overlooked because the defendant has suffered no prejudice.  (Doc. 66 at 2-3).  That certainly appears to be the case, given that: (1) the defendant identified Dr. Finkel as an expert witness on the same day in February 2006 as did the plaintiff, (Doc. 66 at 2); (2) the defendant then deposed Dr. Finkel on March 6, 2006; (3) the defendant was not entitled to a report from Dr. Finkel before deposing him (since he was not a

---

[6]It would be odd indeed for the rule to exempt treating physicians from the report requirement if they are not subject to disclosure to begin with.

retained expert under Rule 26(a)(2)(B)); and (4) the defendant has failed to respond to the plaintiff's assertion of no prejudice.

The purpose of the Rule 26(a)(2) disclosures, according to the advisory committee notes, is to provide "information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." That purpose was completely vindicated in this case. The failure to provide timely expert disclosures without substantial justification (which the plaintiff apparently lacks) requires exclusion of the expert witness "unless such failure is harmless." Fed. R. Civ. P. 37(c)(1). The plaintiff's tardy Rule 26(a)(2)(A) disclosure was plainly harmless and so does not justify the sanction of exclusion.

For the reasons set forth above, the defendant's motion in limine to exclude Dr. Finkel as an expert witness is **denied**.

## X.  Repair Estimate.

The defendant seeks the exclusion of an estimate by Crocker Claim Service to repair the vehicle occupied by the plaintiff. (Doc. 63 at 6-7). The defendant lists a number of evidentiary objections to the exhibit but fails to cite any authority in support of them or even to submit the exhibit for the Court's inspection. The plaintiff for his part insists the exhibit is relevant but fails to respond to the defendant's objections. (Doc. 66 at 6-7). Because the Court cannot render an evidentiary ruling on so unenlightening a presentation, the motion in limine is **denied**. A definitive ruling will have to await trial.

## XI. Photograph of Knee.

The defendant moves to exclude a photograph of the plaintiff's left knee, while the plaintiff moves that the photo be ruled admissible. (Doc. 63 at 7; Doc. 62 at 6). According to the plaintiff, the photograph was taken after the accident and reflects the degree of post-accident swelling. (*Id.*).

The defendant first argues that the picture should be excluded absent testimony from the plaintiff that the picture accurately represents the condition of his knee following the accident.

(Doc. 63 at 7). This will of course be required, at least as to the swelling.[7] The plaintiff asserts that he has already provided an affidavit affirming that the picture accurately reflects his post-accident swelling, (Doc. 62 at 6; Doc. 66 at 7), but his affidavit is in fact silent as to the photograph. (Doc. 62, Exhibit 1). Nor would a pretrial affidavit substitute for the plaintiff's testimony before the jury.

The defendant next suggests that the plaintiff should be required to present medical testimony that the swelling in the picture resulted from the accident. (Doc. 66 at 4). He identifies no authority for such a requirement. As long as the plaintiff testifies that the picture accurately reflects his swelling after the accident, the jury may draw from all the evidence its own conclusions concerning causation.

Finally, the defendant argues the picture should be excluded under Rule 403 because, since the plaintiff has no pre-accident picture of his knee, the photograph cannot show the jury the increase in the swelling that occurred post-accident. (Doc. 66 at 4-5). Even without a "before" picture, the photograph is relevant to show the condition of the plaintiff's knee after the accident. The jury could be confused by the absence of a "before" picture only if it believed the plaintiff had no swelling prior to the accident. The plaintiff and Dr. Finkel admit that he did, and defense counsel is well prepared to develop and accentuate the extent of pre-accident swelling.

For the reasons set forth above, the parties' motions in limine concerning the photograph are **denied**.

## XII. Traffic Citation.

The defendant moves to exclude any reference to him receiving a traffic citation as a result of the accident. (Doc. 64 at 1-2). The plaintiff has no objection. (Doc. 66 at 7). Accordingly, the defendant's motion in limine is **granted**.[8]

---

[7]The scar depicted is presumably an artifact of the plaintiff's pre-accident total knee replacement, which the plaintiff can explain at trial.

[8]In response to the defendant's motion, the plaintiff "submits" that the defendant should be precluded from showing that the driver of his vehicle received a traffic citation. (*Id*.). This

DONE and ORDERED this 11th day of August, 2006.

                                             s/ WILLIAM H. STEELE
                                             UNITED STATES DISTRICT JUDGE

---

"submission" does not rise to the level of a motion, and it is raised too late to be treated as a motion in limine. Nor could such a motion be granted, given the plaintiff's failure to offer even a word of explanation for his position.