IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JOSEPH L. BOWMAN,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    **CIVIL ACTION 05-0274-WS-M** |
| | ) |
| **DONALD MORGAN, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

**ORDER**

This matter is before the Court on the parties' competing motions in limine. (Docs. 62-64). The parties have filed responses, (Docs. 66-69), and the motions are ripe for resolution. Two previous orders have addressed certain of the matters raised in the motions, and this order disposes of the remainder.

**XIII.  Hotel Tropicana.**

In March 2002, the plaintiff fell down stairs at the Hotel Tropicana in Las Vegas and injured his left knee. (Doc. 62 at 9). The accident at issue in this case occurred in May 2003. (Doc. 1 at 2). In March 2004, the plaintiff sued the hotel. (Doc. 63, Exhibit 4). The defendant has identified documents concerning that lawsuit as exhibits for trial. (Doc. 60, Exhibit 2, ¶¶ 11, 15). The plaintiff moves to exclude all evidence of the fall and lawsuit. (Doc. 62 at 9).

The plaintiff argues that Dr. Finkel testified that his left knee had returned to its pre-fall status before the accident at issue in this case and that his testimony renders all evidence concerning the fall and lawsuit inadmissible under Rules 401-403. (Doc. 62 at 9). The defendant cites to other portions of Dr. Finked's testimony in an effort to cancel it, but that is an attack on the credibility of his testimony and so for the jury.

More persuasively, the defendant notes that the Tropicana exhibits contain statements by the plaintiff indicating that some or all of the injuries and damages for which he sues the defendant are actually attributable to his fall. In his Tropicana complaint the plaintiff alleged that:

- "Bowman injured his body as a result of the fall, and he has been required, *and will be required in the future*, to obtain medical treatment for his injuries, pain, and suffering."
- "[T]he full nature and extent of said Plaintiff's injuries are still unknown ...."
- "That as a direct and proximate result of the negligence and/or reckless conduct of the Defendants, and each of them, Plaintiff received serious and disabling injuries; that further, Plaintiff was prevented in part from attending to his usual activities ... and *will be prevented from attending to his usual activities in the future*, and that further, said injuries have partially and *permanently disabled* said Plaintiff."
- "That as a further direct result of the negligence of the negligence and/or reckless conduct of the Defendants and each of them, as aforesaid, the Plaintiff *will in the future be required to expend sums for medical care and treatment* for such injuries, all to his damage in a sum in excess of $10,000.00."
- "That as direct and proximate result of the negligence and/or reckless conduct of the Defendants, and each of them, as aforesaid, the Plaintiff has suffered and *will in the future suffer great pain, suffering and anguish*, all to his damage in a sum in excess of $10,000.00."
- "That as a direct and proximate result of the negligence and/or reckless conduct of the Defendants and each of them, as aforesaid, the Plaintiff has sustained lost income, and *will sustain lost income in the future*, all to his damage in a sum to be determined at the time of trial."

(Doc. 63, Exhibit 4 at 3-4)(emphasis added). In short, almost a year after the accident at issue in this case, the plaintiff alleged in a filed complaint that his fall at the Tropicana not only had caused, but continued to cause, medical expense, pain and suffering, restricted activities, disability, and loss of income. The defendant is of course entitled to challenge Dr. Finked's assessment of the plaintiff's recovery from his fall, and the plaintiff's own post-fall allegations may properly be used for this purpose. They are relevant because they tend to make the existence of a material fact in issue (the cause of the plaintiff's injury and damages) more or less probable, *see* Fed. R. Evid. 401, and the plaintiff has articulated no basis for excluding the

evidence under Rule 403.[1]

The plaintiff also moves to exclude any evidence of settlement negotiations or perfected settlement in the Tropicana litigation, citing Rule 408. (Doc. 62 at 9). The defendant fails to respond and so has not identified any permissible purpose for using such evidence.

For the reasons set forth above, the plaintiff's motion in limine is **granted** as to any settlement or settlement offer or negotiations and **denied** as to the complaint in the Tropicana lawsuit. As to the balance of materials that may be found in the challenged exhibits, the motion is **denied** due to the parties' failure to address them. A ruling as to such materials must await trial.

### XIV.  Complaint and Amended Complaint.

The plaintiff moves to exclude his pleadings in this action, invoking Rules 401-403. (Doc. 62 at 9-10). The defendant responds that the pleadings are relevant to his affirmative defense of "fault of others." (Doc. 60 at 7).[2] The complaint names Jacqueline Bessa (the driver of the vehicle that caused traffic to stop on Interstate 10) as a defendant and alleges that she (along with the defendant) was guilty of negligence that caused her injuries. (Doc. 1 at 3). In particular, the complaint alleges that Bessa: (1) "operat[ed] her vehicle in a careless and reckless manner"; (2) "fail[ed] to maintain proper control of her vehicle at all pertinent times"; (3) "br[ought] her vehicle to a stop in the middle of the east bound lane of Interstate 10 E"; and (4) "fail[ed] to properly warn following motorists of the danger presented by her stopped vehicle." (*Id*. at 3-4). These allegations, the defendant concludes, support his assertion that Bessa was also negligent. (Doc. 67 at 8-9).

The plaintiff objects that his allegation that Bessa was negligent is not evidence that she was in fact negligent. (Doc. 62 at 10). On the contrary, the complaint is evidence that the

---

[1] The defendant asserts that similar statements to the effect that the plaintiff continues to suffer from his fall can be found in an affidavit he signed in September 2005. (Doc. 67 at 6). However, the defendant failed to submit that affidavit for the Court's review.

[2] As discussed in a previous order, Louisiana recognizes the doctrine of comparative negligence. (Doc. 41 at 5).

plaintiff considered Bessa to be negligent, and he has failed to explain why a jury could not infer from that evidence that Bessa was in fact negligent. Whether or not the plaintiff's allegations against Bessa would of themselves allow the jury to find that Bessa was negligent, they are probative of the issue and thus relevant. With respect to Rule 403, there can hardly be unfair prejudice in allowing a jury to hear the plaintiff's own allegations about Bessa, much less unfair prejudice that substantially outweighs the probative value of the evidence.

The relevance of the amended complaint, which does not name Bessa as a defendant, (Doc. 43), remains obscure. However, because the plaintiff has not directed any argument towards this document, the Court will not unilaterally exclude it.

For the reasons set forth above, the plaintiff's motion to exclude his complaint and amended complaint is **denied**.

## XV.  Discovery Responses.

The plaintiff moves to exclude his responses to interrogatories and requests for production pursuant to the collateral source rule and Rules 401-403. Neither party has identified what portion(s) of these documents may be introduced or for what purpose(s), and the Court agrees with the defendant, (Doc. 67 at 9), that resolution is premature. Accordingly, the motion in limine is **denied**.

## XVI.  Photographs, Diagram and Video.

The plaintiff's motion in limine, filed on July 26, 2006, raises as its sole ground for exclusion that he has not seen these exhibits. (Doc. 62 at 10). The pretrial order requires the parties to furnish opposing counsel all documents and exhibits on or before August 7, 2006, (Doc. 61 at 2), so that the basis of the plaintiff's motion presumably has disappeared. Accordingly, the motion in limine is **denied**.

DONE and ORDERED this 11th day of August, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE